IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA A. MCCULLOUGH, | No. 4:20-CV-01807 |
| Plaintiff-Cross Defendant, | (Chief Judge Brann) |
| v. | |
| METLIFE AUTO & HOME, | |
| Defendant-Cross Claimant, | |

MEMORANDUM OPINION

JANUARY 12, 2022

I.   BACKGROUND

Lisa A. McCullough, as administrator of the estate of James Paul McCullough and Lisa A. McCullough ("Plaintiff"), filed a complaint in Pennsylvania state court against MetLife Auto & Home ("MetLife") seeking to force MetLife to pay Plaintiff for an insurance policy on the McCullough's home, which was destroyed in a fire in 2019.[1] MetLife subsequently removed this action to federal court.[2]

In October 2020, MetLife filed an answer to complaint, along with a counterclaim against Plaintiff for insurance fraud.[3] MetLife served the counterclaim on Plaintiff's attorney that same month.[4] To date, Plaintiff has failed to respond to

---

[1]  Doc. 1-4.
[2]  Doc. 1.
[3]  Doc. 3.
[4]  *See* Doc. 3 at 10-11.

the counterclaim. In March 2021, MetLife moved for entry of default against Plaintiff,[5] and default was subsequently entered by the Clerk of Court.[6]

In June 2021, MetLife filed this motion for default judgment and, in July 2021, MetLife filed its brief in support of that motion.[7] Plaintiff has not responded, and the motion is now ripe for disposition. For the following reasons, the motion will be granted.

## II. DISCUSSION

### A. Whether Default Judgment is Warranted

Federal Rule of Civil Procedure 55 allows the District Court to enter default judgment upon application by a party.[8] "Generally, the entry of a default judgment is disfavored, and a court is required to exercise sound judicial discretion in deciding whether to enter default judgment."[9] "This element of discretion makes it clear that the party making the request is not entitled to a default judgment as of right, even when defendant is technically in default and that fact has been noted under Rule 55(a)."[10]

"Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to

---

[5] Doc. 8.
[6] Doc. 9.
[7] Doc. 38.
[8] Fed. R. Civ. P. 55(b)(2).
[9] *Kibbie v. BP/Citibank*, 2010 WL 2573845 at *2 (M.D. Pa. June 23, 2010).
[10] 10A Charles Alan Wright and Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE, § 2685 (Apr. 2020 Update).

have a litigable defense, and (3) whether defendant's delay is due to culpable conduct."[11] "But when a defendant has failed to appear or respond in any fashion to the complaint, this analysis is necessarily one-sided; entry of default judgment is typically appropriate in such circumstances at least until the defendant comes forward with a motion to set aside the default judgment under Rule 55(c)."[12] In cases where the defendants fail to appear, courts may enter default judgment "based solely on the fact that the default has occurred."[13]

     A consideration of those factors favors a grant of default judgment here.  First, MetLife would be prejudiced by its "current inability to proceed with [its] action due to [Plaintiff's] failure to defend."[14] Plaintiff's decision to not respond to the counterclaim would otherwise prevent MetLife from recovering any damages for its claim. Similarly, the second factor weighs in favor of default judgment. "[Plaintiff] has not responded to the allegations and, thereby, has failed to assert a defense."[15] Finally, there does not appear to be any excuse for Plaintiff's failure to respond to MetLife's counterclaim. Plaintiff initiated this action through counsel and was served with MetLife's answer and counterclaim.[16] Having received that counterclaim, Plaintiff has yet to respond. Because Plaintiff has offered no

---

[11] *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).
[12] *Deutsche Bank Nat. Trust Co. v. Strunz*, 2013 WL 122644 at *1 (M.D. Pa. Jan. 9, 2013).
[13] *Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 177 n. 9 (3d Cir.1990).
[14] *Broadcast Music, Inc. v. Kujo Long, LLC*, 2014 WL 4059711 at *2 (M.D. Pa. Aug. 14, 2014).
[15] *Pesotski*, 2017 WL 3310951 at *3.
[16] Docs. 36, 37.

explanation for her failure to respond, the Court finds that Plaintiff is culpable.[17] Therefore, the Court finds that default judgment is appropriate given the circumstances.

However, a finding that default judgment is warranted "is not the end of the inquiry."[18] The Court must further consider whether the "unchallenged facts constitute a legitimate cause of action."[19] Although defaulting parties do not concede conclusions of law, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."[20] MetLife has filed a single counterclaim asserting a violation of Pennsylvania state law for insurance fraud. The Court will therefore consider whether the allegations in the counterclaim, taken as true, adequately state a claim against Plaintiff.

### B. Whether Allegations Sufficiently State a Claim for Insurance Fraud

The facts alleged in the amended complaint, which the Court must accept as true for the purposes of determining whether MetLife has stated a claim, are as follows.

Plaintiff purchased an insurance policy with MetLife, policy number 9830633190, for a house located at 616 Rohrsburg Road, Orangeville, Pennsylvania

---

[17] *See Laborers Local Union 158 v. Shaffer*, 2011 WL 1397107 (M.D. Pa. Apr. 13, 2011).
[18] *Martin v. Nat'l Check Recovery Servs., LLC*, 2016 WL 3670849 at *1 (M.D. Pa. July 11, 2016).
[19] *Broadcast Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd.*, 555 F.Supp.2d 537, 541 (E.D. Pa. 2008).
[20] *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

(the "Property").[21] On or about February 6, 2019, a foreclosure judgment was entered against Plaintiff, and she was served with a notice of sheriff's sale; on or about February 17, 2019, a fire occurred at the Property.[22] "The fire was not sudden and accidental" but was, instead, "intentionally set with two distinct points of origin."[23]

Prior to the fire, Plaintiff removed important documents from the Property and placed them in her vehicle.[24] After the fire, "newly purchased gas cans were discovered at the home . . . with some cans having their caps removed and residual gasoline in the cans."[25] Plaintiff thereafter submitted a claim to Defendant for the alleged loss that resulted from the fire.[26] In doing so, Plaintiff "knowingly presented false, incomplete and/or misleading information concerning the claim and the cause of the fire" and "committed fraud during the investigation."[27] Those facts were material to Plaintiff's insurance claim.[28]

With regard to whether those facts set forth a claim for insurance fraud, Pennsylvania law provides that an individual commits insurance fraud if she "[k]nowingly and with the intent to defraud any insurer or self-insured, presents or

---

[21] Doc. 3 at 7.
[22] Id.
[23] Id. at 8.
[24] Id.
[25] Id.
[26] Id.
[27] Id.
[28] Id.

causes to be presented to any insurer or self-insured any statement forming a part of, or in support of, a claim that contains any false, incomplete or misleading information concerning any fact or thing material to the claim."[29] Although this is set forth in a criminal statute, that statute further provides that "[a]n insurer damaged as a result of a violation of this section may sue . . . to recover compensatory damages, which may include reasonable investigation expenses, costs of suit and attorney fees."[30]

Here, the allegations sufficiently state a cause of action for insurance fraud. The allegations establish that Plaintiff knowingly made false statements on her insurance claim regarding the cause of the fire that destroyed the Property.[31] Those statements were made with the intent to defraud MetLife and obtain an insurance payout to which Plaintiff was not entitled. These statements were also undoubtedly material, as they "would influence the decision of the issuing insurer to" pay out the insurance policy.[32] Because the facts sufficiently demonstrate that Plaintiff knowingly and with the intent to defraud submitted material, false information to MetLife regarding Plaintiff's insurance claim, MetLife has adequately stated a claim for insurance fraud, and is entitled to default judgment.

---

[29] 18 Pa. Stat. and Cons. Stat. Ann. § 4117(a)(2) (West).
[30] *Id.* § 4117(g).
[31] Doc. 3 at 8.
[32] *Henriquez-Disla v. Allstate Prop. & Cas. Ins. Co.*, No. CIV.A. 13-284, 2015 WL 539550, at *3 (E.D. Pa. Feb. 10, 2015).

### C.  Damages

Because MetLife has adequately stated a claim against Plaintiff, the only remaining consideration is the amount of damages to which MetLife is entitled. However, based on the available information, the Court cannot accurately assess damages. The Court will therefore defer any ruling on damages pending further briefing of the issue.

## III.  CONCLUSION

For the foregoing reasons, the Court concludes that MetLife is entitled to default judgment as to its counterclaim, and MetLife's motion for default judgment will be granted.

An appropriate Order follows.

                                                  BY THE COURT:

                                                  *s/ Matthew W. Brann*
                                                  Matthew W. Brann
                                                  Chief United States District Judge