# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LISA A. MCCULLOUGH,

        Plaintiff-Cross Defendant,

    v.

METLIFE AUTO & HOME,

        Defendant-Cross Claimant,

No. 4:20-CV-01807

(Chief Judge Brann)

## MEMORANDUM OPINION

### SEPTEMBER 30, 2022

## I.    BACKGROUND

Lisa A. McCullough, as administrator of the estate of James Paul McCullough and Lisa A. McCullough ("Plaintiff"), filed a complaint in Pennsylvania state court against MetLife Auto & Home ("MetLife") seeking to force MetLife to pay Plaintiff for an insurance policy on the McCullough's home, which was destroyed in a fire in 2019.[1] MetLife subsequently removed this action to federal court.[2]

In October 2020, MetLife filed an answer to complaint, along with a counterclaim against Plaintiff for insurance fraud.[3] MetLife served the counterclaim on Plaintiff's attorney that same month, alleging insurance fraud under Pennsylvania law.[4] To date, Plaintiff has failed to respond to the counterclaim. In March 2021, MetLife

---

[1]   Doc. 1-4.
[2]   Doc. 1.
[3]   Doc. 3.
[4]   *See* Doc. 3 at 10-11.

moved for entry of default against Plaintiff,[5] and default was subsequently entered by the Clerk of Court.[6]

In June 2021, MetLife moved for a default judgment.[7]  In January 2022, this Court granted MetLife's motion and requested briefing and evidence of any damages sought by MetLife.[8]  MetLife has submitted a brief and evidence listing its damages.[9] MetLife has additionally moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).[10]  For the following reasons, MetLife's Rule 12(c) motion will be granted and its motion for a default judgment will be granted in part and denied in part.

## II.   DISCUSSION

### A.   Standard for Rule 12(c) Motions

When considering a motion for judgment on the pleadings, courts use the same standard employed when it is considering a motion to dismiss for failure to state a claim.[11]  Therefore, a court assumes the truth of all factual allegations in the plaintiff's complaint and draws all inferences in favor of that party.[12]  It does not, however, assume the truth of any of the complaint's legal conclusions.[13]  If a complaint's factual

---

[5]   Doc. 8.
[6]   Doc. 9.
[7]   Doc. 10.
[8]   Doc. 12.
[9]   *See* Docs. 14, 14-1, 14-2.
[10]   Doc. 15.
[11]   *Huertas v. Galaxy Asset Management*, 641 F.3d 28, 32 (3d Cir. 2011).
[12]   *Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).
[13]   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Connelly v. Lane Construction Corp.*, 809 F.3d 780, 786 (3rd Cir. 2016).

allegations, so treated, state a claim that is plausible—i.e., if they allow the court to infer the defendant's liability—the motion is denied.[14]  If they fail to do so, the motion is granted.[15]

## B.    Application

MetLife seeks a judgment on the pleadings for its insurance fraud counterclaim against McCullough.  That standard, referenced above, is similar to the standard that this Court applied to MetLife's motion for a default judgment.  Both require accepting the complaint's factual allegations as true to determine whether they state a legitimate cause of action.[16]

Pennsylvania law provides that an individual commits the offense of insurance fraud if she "[k]nowingly and with the intent to defraud any insurer or self-insured, presents or causes to be presented to any insurer or self-insured any statement forming a part of, or in support of, a claim that contains any false, incomplete or misleading information concerning any fact or thing material to the claim."[17]  Although these elements are set forth in a criminal statute, the statute further allows aggrieved insurers to file a civil action against violators of the statute "to recover compensatory damages, which may include reasonable investigation expenses, costs of suit and attorney fees."[18]

---

[14]   *Iqbal*, 556 U.S. at 678.

[15]   *Id.*

[16]   *Compare Phillips*, 515 F.3d at 228, *with Broadcast Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd.*, 555 F.Supp.2d 537, 541 (E.D. Pa. 2008) (explaining the Rule 12(c) standard as whether the "unchallenged facts constitute a legitimate cause of action").

[17]   18 Pa. C.S. § 4117(a)(2).

[18]   *Id.* § 4117(g).

In its prior opinion, this Court assessed the factual allegations of MetLife's counterclaim for insurance fraud and concluded that "[t]he allegations sufficiently state a cause of action for insurance fraud."[19]  In its counterclaim, MetLife alleged that Plaintiff insured her home with a MetLife policy, which was subsequently destroyed in an intentional fire.[20]  Additional facts indicated that Plaintiff set the fire, such as her relocation of important documents before the fire and the discovery of newly purchased gas cans with residual gasoline in them at her home, after the fire.[21]  Plaintiff "submitted a claim to Defendant for the alleged loss as a result of the fire," thereby presenting "false, incomplete and/or misleading information concerning the claim and the cause of the fire."[22]

As Plaintiff has not appeared before the Court, the Court concludes that there are no disputed material facts.  MetLife's factual allegations lead to a reasonable inference that Plaintiff committed insurance fraud.  Accordingly, MetLife's motion under Rule 12(c) is granted.

### C.    MetLife's Damages

Having found that MetLife has satisfactorily alleged a civil claim for insurance fraud, the Court now considers its damages.  Under Pennsylvania law, MetLife may seek "compensatory damages, which may include reasonable investigation expenses,

---

[19]  Doc. 13 at 6.
[20]  Def's Answer Doc 3. ¶¶ 1-7.
[21]  *Id.* ¶¶ 8, 9.
[22]  *Id.* ¶¶ 10, 11.

costs of suit and attorney fees."[23]  MetLife seeks $26,069.01 in "pre-suit investigation

costs."[24]  It has provided the Court with invoices for the firms hired to investigate the

fire in McCullough's home to support its request for pre-suit costs.[25]  The Court finds

this evidence sufficient to award the pre-suit costs without an evidentiary hearing.[26]

MetLife also seeks "$29,998.04 in litigation costs of suit and attorney fees" for

a total of $56,067.05.[27]

To calculate attorneys' fees, "[t]he most useful starting point for determining the

amount of a reasonable fee is the number of hours reasonably expended on the litigation

multiplied by a reasonable hourly rate," or the lodestar.[28]  "The general rule is that a

reasonable hourly rate is calculated according to the prevailing market rates in the

community."[29]  A party seeking attorneys' fees "bears the burden of establishing by

way of satisfactory evidence, 'in addition to [the] attorney's own affidavits,' that the

requested hourly rates meet this standard."[30]

Here, the invoices MetLife submitted do not indicate if multiple attorneys

worked on this matter or only William J. McPartland, Esq.  Additionally, the invoices

---

[23]  18 Pa. C.S. § 4117(g).

[24]  Def's Br. Doc. 14 at 2.

[25]  Doc. 14-1.

[26]  *See Durant v. Husband*, 28 F.3d 12, 15 (3d Cir. 1994) ("If it is necessary 'to determine the amount of damages or to establish the truth of any averment by evidence,' the court may conduct a hearing." (quoting Fed. R. Civ. P. 55(b)(2)).

[27]  Def's Br. Doc. 14 at 2.

[28]  *Washington v. Philadelphia County Ct. of Com. Pleas*, 89 F.3d 1031, 1035 (3d Cir. 1996) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (alterations in original)).

[29]  *Id.* (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984)).

[30]  *Id.* (quoting *Blum*, 465 U.S. at 895-96 n.11) (alterations in original).

do not explain how many hours were billed for or the hourly rates for Mr. McPartland and any other attorneys working on the matter.  Nor are there affidavits to substantiate those hourly rates as the prevailing market rates in the community.  Without this information, the Court cannot determine a reasonable fee for counsel's efforts.

MetLife may resubmit invoices and any supporting affidavits that clarify its requests for attorneys' fees within ten (10) days of the date of this Memorandum Opinion and Order. The Court will then re-visit the particulars of this motion.

Accordingly, MetLife's motion for a default judgment is granted in part and denied in part with respect to the damages it seeks.

## III.    CONCLUSION

For the foregoing reasons, MetLife's motion for judgment on the pleadings is granted and its motion for a default judgment is granted in part and denied in part without prejudice.

An appropriate Order follows.

BY THE COURT:


_s/ Matthew W. Brann_
Matthew W. Brann
Chief United States District Judge